MARY MACFADDEN, PLAINTIFF-RESPONDENT, v. BER-NARR MACFADDEN, L. ARTHUR ST. PHILLIP AND BRAUNDA M. ST. PHILLIP, HIS WIFE, DEFENDANTS, AND BERNARR MACFADDEN FOUNDATION, INC., A MEMBERSHIP CORPORATION ORGANIZED PURSUANT TO THE MEMBERSHIP CORPORATION LAW OF NEW YORK, DEFENDANT-APPELLANT, AND EDWARD F. BODINE AND PAUL WINKLER, EXECUTORS OF THE LAST WILL AND TESTAMENT OF BERNARR MACFAD-DEN, DECEASED, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1958—Decided March 25, 1958.

Before Judges PRICE, SCHETTINO and HANEMAN.

*Mr. George F. Losche* argued the cause for defendant-appellant.

*Mr. Charles B. Collins* argued the cause for plaintiff-respondent.

PER CURIAM. The judgment is affirmed for the reasons expressed in the opinion of Judge Freund in the court below. 46 *N. J. Super.* 242 (*Ch. Div.* 1957), supplemented, however, as follows:

Defendant argues that the trial judge erroneously labeled the action as one for specific performance. It must

be remembered that it is from the judgment, and not the opinion, that appeal is taken. *R. R.* 2:2–1; *Hughes v. Eisner,* 8 *N. J.* 228 (1951). The written conclusions or opinion of a court do not have the effect of a judgment. From them no appeal will lie. "It is only what a court adjudicates, not what it says in an opinion, that has any direct legal effect." *Suburban Department Stores v. City of East Orange,* 47 *N. J. Super.* 472, 479 (*App. Div.* 1957). A judgment, admittedly, cannot be founded on a theory not appearing or raised in the proceedings or pretrial order. *Lertch v. McLean,* 18 *N. J.* 68, 74 (1955).

There are 13 issues detailed in the pretrial order. None of the issues is designated by any recognized nomenclature for types of equitable actions. An examination of the issues results in the conclusion that what the plaintiff actually sought was specific performance, together with auxiliary injunctive relief. The statement of the trial judge that the action was one for specific performance is consistent with the stated issues and the theory upon which the case was tried.

██ Even though the issue of specific performance was not specifically raised by the pleadings or the pretrial order, where, as here, the matter was tried without the objection of the parties on that issue, it shall be treated in all respects as if it had been raised in the pleadings and pretrial order. Ordinary procedure would call for an amendment of the pleadings and the pretrial order in the event an issue not raised in the pleadings and pretrial order was tried by consent or without objection. In the light of the fact that this matter was tried without objection on the issue of specific performance, defendant may not now be heard to complain. *R. R.* 4:15–2; *Colozzi v. Bevko, Inc.,* 17 *N. J.* 194, 203 (1955); 2 *Schnitzer & Wildstein, N. J. Rules Serv.,* A IV–386.

Defendant also makes some comment concerning the absence of fraud in connection with the piercing of the corporate veil of Bernarr Macfadden Foundation, Inc.

In *Irving Investment Corp. v. Gordon*, 3 *N. J.* 217, 223 (1949), the court said:

"It is where the corporate form is used as a shield behind which injustice is sought to be done by those who have the control of it that equity penetrates the veil."

That statement connotes merely that there must be equitable fraud present to permit of such action. Fraud, in the sense of a court of equity, includes all acts, omissions or concealments which involve a breach of a legal or equitable duty, trust or confidence justly reposed, and are injurious to another, or by which an undue or unconscientious advantage is taken of another. *Howard v. West Jersey & S. S. R. Co.*, 102 *N. J. Eq.* 517 (*Ch.* 1928), affirmed 104 *N. J. Eq.* 201 (*E. & A.* 1929); *Riverside Trust Co. v. Collin*, 114 *N. J. Eq.* 157 (*E. & A.* 1933). Plainly, the facts sustain the conclusion that the use of the corporate form is here fraudulent in the above sense.

As to defendant's argument that it should not be liable for repairs to the premises involved, it must be observed that from 1932 to 1953 the cost of repairs had been assumed by it. This action constituted a contemporary construction of the agreement of April 7, 1932.

Where the parties to a contract have given it a practical construction by their conduct, such construction is entitled to great if not controlling weight in determining its interpretation. *Kingston Trap Rock Co. v. Eastern Engineering Co.*, 132 *N. J. L.* 254 (*E. & A.* 1944); *Washington Construction Co., Inc. v. Spinella*, 13 *N. J. Super.* 139 (*App. Div.* 1951), affirmed 8 *N. J.* 212 (1951).

By a bill of complaint filed on May 9, 1933 in the then Court of Chancery in an action between Mary Macfadden and Bernarr Macfadden, plaintiff prayed for the following relief, *inter alia:*

"2. That an account may be taken of the sums of money expended by defendant in the cost of upkeep, expense, maintenance and support, including rent, 'and/or' carrying charges of the home provided by the

defendant for the complainant and the respective proportionate amounts of such expenditures which should have been paid by the complainant and defendant determined, and a readjustment be made, and the defendant ordered to account for and pay to the said trustee for the benefit of complainant all moneys improperly charged against her.

3. That the said Bernarr Macfadden may be compelled by the decree of this court specifically to perform the said agreement with complainant, and to pay to the said trustee for the benefit of the complainant or to the complainant direct, the moneys by said agreement due the complainant, with interest from the time they ought to have been paid."

A consent final decree was entered on June 20, 1934 which contained the following provision:

"ORDERED, ADJUDGED AND DECREED, by the Honorable Luther A. Campbell, Chancellor of the State of New Jersey, that a certain agreement heretofore made between the said complainant, Mary Macfadden, and the said defendant, Bernarr Macfadden, and dated April 7, 1932, a true copy of which is attached to the bill of complaint herein, be specifically performed and carried out by the said Bernarr Macfadden, in accordance with its several terms, up to the date of this decree; and it is further

ORDERED, ADJUDGED AND DECREED that the said Bernarr Macfadden, within –15– days from the date hereof, do pay to the said complainant, Mary Macfadden, or her solicitors, the sum of $13,500.00, the amount agreed to be due by him to her as of the date hereof, pursuant to the terms of the agreement between them heretofore referred to and dated April 7, 1932; * * *"

The statement of Judge Speakman, in *Public Service Elec. & Gas Co. v. Waldroup*, 38 *N. J. Super.* 419, 425 (*App. Div.* 1955) is apposite. There the court said:

"* * * It is a fundamental rule that facts and questions in issue in an action and there admitted or judicially determined are conclusively settled by a judgment entered therein, and such facts or questions become *res judicata* in all subsequent litigation between the same parties and their privies. *Hancock v. Singer Mfg. Co.,* 62 *N. J. L.* 289 (*E. & A.* 1898) ; *Middlesex Concrete Products & Excavating Corp. v. Borough of Carteret,* 35 *N. J. Super.* 226 (*App. Div.* 1955)—as to a related aspect of the same case, see 36 *N. J. Super.* 400 (*App. Div.* 1955), certification denied 19 *N. J.* 383 (1955), and 19 *N. J.* 384 (1955) ; 30 *Am. Jur., Judgments,* sec. 178; 50 *C. J. S., Judgments,* § 686. This is known as the doctrine of collateral estoppel or estoppel by judgment and is to be distinguished

from the doctrine of *res judicata*, which is that in any action on a cause previously litigated by the same parties or their privies, a general judgment in the prior action is considered a finding against the party affected on all grounds that were or could have been raised therein. *Kelley v. Curtiss*, 16 *N. J.* 265 (1954) ; *Middlesex Concrete Products & Excavating Corp. v. Borough of Carteret, supra;* 30 *Am. Jur., Judgments, secs.* 161–177, and cases cited therein.

A judgment by consent is presumed to be entered in the light of all the existing circumstances of the litigation. Although such a judgment is considered a contract of the parties acknowledged and sanctioned by the court, it is regarded as an adverse judgment and is conclusive and effective as an estoppel to the same extent as though entered after a full trial. *Fidelity Union Trust Co. v. Union Cemetery Association*, 136 *N. J. Eq.* 15 (*Ch.* 1944), affirmed *per curiam*, 137 *N. J. Eq.* 455 (*E. & A.* 1946) and 137 *N. J. Eq.* 456 (*E. & A.* 1946) ; *Middlesex Concrete Products & Excavating Corp. v. Borough of Carteret, supra;* 31 *Am. Jur., Judgments, sec.* 458; 50 *Am. Jur., Judgments, sec.* 705.

* * * the authorities previously cited herein, as well as innumerable others, hold either expressly or by necessary implication that a fact or question has been litigated if it has been put in issue by the pleadings and a judgment by consent has been entered thereon. Such a judgment constitutes an adjudication on the merits."

The question of the liability of Bernarr Macfadden for "upkeep, expense, maintenance and support, including rent 'and/or' carrying charges of the home" was adjudicated. That is a necessary implication of the consent judgment referred to above.

Defendants allege that the agreement of April 7, 1932 is "illegal" since it is an agreement to pay alimony and that the estate created by that agreement was therefore void *ab initio*.

We are not unmindful of the principle relating to agreements for the payment of alimony as enunciated in *Apfelbaum v. Apfelbaum*, 111 *N. J. Eq.* 529 (*E. & A.* 1932), and the numerous decisions which follow that leading case. See *Harrington v. Harrington*, 142 *N. J. Eq.* 684 (*E. & A.* 1948), and the cases cited therein.

It must be remembered, however, that contracts between husband and wife, other than for alimony, although void at law, are enforceable in equity to the extent that they are equitable and fair. *Raymond v. Raymond*, 39 *N. J. Super.* 24 (*Ch. Div.* 1956) ; *Van Inwegen v. Van Inwegen,*

4 *N. J.* 46 (1950); *Bendler v. Bendler,* 3 *N. J.* 161 (1949). Where, as here, a contract which concerns a property settlement between husband and wife, unless unfair and unjust, should be enforced. The agreement here sued upon is not one solely for alimony. The plaintiff, in consideration of the granting of the life estate, discontinued a suit then pending in the Supreme Court of the State of New York and assigned and transferred certain shares of stock in Macfadden Publications, Inc. to Bernarr Macfadden. We feel the agreement "ought to be enforced in equity as part of what seems to [us] a fair and equitable property settlement by the parties in other respects fully executed to the considerable benefit of the husband." *Raymond v. Raymond, supra* (39 *N. J. Super.* at *page* 31).

 Generally, in order to rescind a contract, the party seeking such relief must proffer the return of the consideration received by him. *Green v. Stone,* 54 *N. J. Eq.* 387 (*E. & A.* 1896); *Dencer v. Erb,* 142 *N. J. Eq.* 422 (*Ch.* 1948). Defendants make no offer to place plaintiff *in statu quo,* nor is it conceivable how they could possibly attain such a result.

Judgment affirmed.